[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#119)
This case has been interpreted to be one to recoup a commercial loss caused by a defective roof installed in 1982. This action was commenced in 1992. The defendant has now moved for summary judgment on the grounds that the applicable statute of limitations has run, there is no vertical privity between the parties, and the plaintiff's expert's deposition did not establish liability.
In resisting the statute of limitations argument the plaintiff asserts that the accrual of its cause of action was tolled by fraudulent concealment pursuant to Conn. Gen. Stat. § 52-595. The defendant counters in its reply brief by asserting that the plaintiff has not properly pleaded fraudulent concealment nor has it provided sufficient evidence to make it an unresolved question of material fact. The defendant does not argue that Conn. Gen. Stat. § 52-595 is not applicable if properly raised.
To the extent the defendant argues that fraudulent concealment has not properly been pleaded, the court concludes that such argument is not timely. The plaintiff plead; fraudulent concealment in paragraph eleven of the complaint. The allegation of that paragraph went unchallenged by either a request to revise or by motion to strike. At this late date the defendant cannot turn a motion for summary judgment into a motion to strike and thereby deprive the plaintiff of the opportunity to replead what to date have been unchallenged allegations. CT Page 4082-D
Furthermore, the court concludes that the allegations of paragraph eleven sufficiently allege a fraudulent concealment claim. Nor has the defendant presented sufficient evidence to resolve the fraudulent concealment issue as a question of fact. The defendant as the movant has the burden of proof on this motion. It has presented no evidence. To challenge the sufficiency of the plaintiff's counter affidavit begs the question.
Nor can the defendant prevail on its lack of privity argument. The plaintiff has alleged a direct sale between the parties in paragraph five of the complaint. The defendant has produced no evidence to refute this claim. Again, as the movant, it has failed to meet its burden of proof regardless of the allegations of the plaintiff's counter affidavit.
The defendant's final argument fares no better. Regardless of whether deposition testimony can or cannot be used to support summary judgment, based upon all the excerpts from the deposition of Alan Lehto and his company's survey and report, whether or not the plaintiff can prove liability remains a question of fact for the jury.
This motion is denied.
Licari, J.